IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THOMAS WHITFIELD,                    CASE NO. 2:07-cv-1201
                                     JUDGE MARBLEY
    Petitioner,                      MAGISTRATE JUDGE KEMP

v.

JEFFREY WOLFE, Warden,

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that counsel be appointed to represent petitioner at an evidentiary hearing on his claims that he was denied the effective assistance of counsel and his right to appeal when his attorney failed to file a timely appeal after being requested to do so.

## PROCEDURAL HISTORY

Petitioner was indicted by the May 2005 term of the Franklin County grand jury on two counts of possession of cocaine, in violation of O.R.C. §2925.11, with specifications. *Exhibit 1 to Return of Writ.* On April 12, 2006, while represented by counsel, petitioner pleaded guilty to one count of possession of cocaine. *Exhibit 2 to Return of Writ.* On May 25, 2006, the trial court sentenced petitioner to four years incarceration. *Exhibit 3 to Return of Writ.* Petitioner did not timely appeal; however, almost one year later, on May 23, 2007,

he filed a motion for delayed appeal. *Exhibit 4 to Return of Writ*. As cause for his untimely filing, petitioner alleged that he had requested his attorney to file a notice of appeal, and his attorney failed to do so. According to petitioner, he learned one month earlier that no appeal had been filed when his mother called the clerk of court to inquire as to the status of his appeal. *See id.* On June 19, 2007, the appellate court denied petitioner's motion for delayed appeal. *Exhibit 6 to Return of Writ*. Petitioner filed a timely appeal to the Ohio Supreme Court. He asserted the following propositions of law:

> 1. The sentence is contrary to law and the Constitution as well as the holdings of the superior courts and this court.
>
> 2. Ineffective counsel.
>
> Counsel was ineffective for failing to file a timely appeal which deprived me [of] the right to appeal and address trial error. Counsel was also ineffective for failing to raise reversible error and the sentence at hand and in question which is contrary to law and Constitution.

*Exhibit 8 to Return of Writ*. On October 24, 2007, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *Exhibit 9 to Return of Writ*.

On November 19, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Sentence contrary to law.
>
> The trial sentence is contrary to law, Constitution and superior holdings both at the federal and state courts which renders that

minimum sentence of three years instead of four is contrary [sic]. However, the under lining [sic] charge was a higher included offense which secured a greater sentence.

2. Ineffective counsel.

Counsel was ineffective for:

Failing to file a (requested) timely appeal, which deprived me [of] the right to appeal and address trial error.

Failing to raise reversible error of the underlining [sic] charge of a higher included offense which secured a lengthier sentence.

Failure to submit/argue against the sentence.

3. Denial of right to appeal timely.

I was denied the right to timely appeal and appeal instructions from the trial court and leave to appeal.

Counsel failed to file appeal.

Trial court failed to give appeal instructions.

Appeal court abused their discretion when I sought leave to appeal pursuant to App.R. 5(A) and denied such appeal.

It is the position of the respondent that petitioner's claims are unexhausted, fail to present issues appropriate for federal habeas corpus review, are waived, or without merit.

## EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples,* 489 U.S. 346, 349 (1989); *Silverburg v. Evitts,* 993 F.2d 124, 126 (6th Cir.1993). If a habeas petitioner has the right under state law

to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. §2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *Manning v. Alexander,* 912 F.2d 878, 881 (6th Cir.1990). Where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees,* 822 F.2d 1418, 1420 n. 3 (6th Cir.1987). The total exhaustion rule of *Rose v. Lundy,* 455 U.S. 509, 522 (1985), requires federal courts to dismiss without prejudice habeas corpus petitions containing both exhausted and unexhausted claims, *see Rhines v. Weber,* 544 U.S. 269, 274 (2005), unless it appears that the statute of limitations will bar the re-filing of the habeas corpus petition. *See id.* Under such circumstances, a stay of proceedings may be appropriate under limited circumstances:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Id.,* at 277.

In claims two and three, petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to file an appeal after petitioner instructed him to do so. In claim three, petitioner also asserts, *inter alia*, that he thereby was denied his right to appeal. Citing *State v. Gover,* 71 Ohio St.3d 577, 580-81 (1995) and *Steed v. Salisbury,* 459 F.2d 475 (6th Cir.1972), respondent contends these claims are unexhausted because the allegations are properly raised in a petition for post conviction relief pursuant to O.R.C. §2953.21.

In *State v. Gover, supra,* the Ohio Supreme Court held that a claim regarding the trial court's failure to notify appellate counsel of the appointment which resulted in an untimely appeal was properly raised in post conviction proceedings, rather than a Rule 26(B) application, since the claim related to the "pre-appellate" process. *Id.,* at 580. In *Steed v. Salisbury, supra,* the United States Court of Appeals for the Sixth Circuit dismissed the federal habeas corpus petition alleging denial of effective assistance of counsel and right to appeal based upon counsel's failure to notify the defendant of his withdrawal from the case as unexhausted where the claim had not previously been raised in the state courts, stating that the claim could be raised in post conviction proceedings. *Id.,* at 476.

Here, however, petitioner alleged as cause for the untimely filing of his appeal in relevant part:

> It was only recently (last month) I had found out that my counsel failed to file an appeal. I specifically told him to file an appeal and it is in the record why. The judge can even vouch

5

for me, because the judge specifically instructed me that an appeal is my "right". However, I was denied to that right by my counsel and when my family contacted the courts to find out how long it takes for a decision, is when... the clerk instructed my mother that "no appeal had ever been filed"... I told my counsel that upon the plea I wanted my sentence reviewed by the appeals court and I was told by him "that is your (my) right", but it is quite apparent, I was denied that right by my own counsel....

*Exhibit 4 to Return of Writ.* The appellate court denied petitioner's motion for delayed appeal as in relevant part as follows:

> On April 12, 2006, defendant entered a guilty plea to one count of possession of crack cocaine in violation of R.C. 2925.11. The trial court accepted defendant's guilty plea and found him guilty. In a judgment entry dated June 26, 2006, the trial court sentenced defendant to four years in prison. Defendant failed to timely appeal from that judgment. He now claims that his attorney failed to file an appeal and that he did not learn about counsel's failure until about one month before he filed this motion.
>
> Defendant waited 11 months after his conviction to file this motion. Defendant knew of his right to appeal and could have discovered that his attorney did not file an appeal much earlier....Defendant is obligated to take affirmative steps to protect his appellate rights.... Defendant's 11 month delay in filing his motion for leave to appeal, without justifiable explanation, is unreasonable....
>
> Because defendant fails to demonstrate a reasonable explanation of the basis for his failure to perfect a timely appeal, we deny his motion for leave to file delayed appeal.

*Exhibit 6 to Return of Writ.* Petitioner thereafter again asserted on appeal to the Ohio Supreme Court that he had been denied the effective assistance of counsel and the right to appeal because his attorney failed to file a timely appeal after being requested to do so. *See*

*Exhibit 8 to Return of Writ.*

Thus, it appears the state courts had an opportunity to address both petitioner's claim of ineffective assistance of counsel as well as denial of right the right to appeal. Further, the time period for filing a post conviction petition has long since expired, and petitioner must meet the requirements of O.R.C. §2953.23, for consideration of a delayed post conviction petition, which provides:

> Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
>
> (1) Either of the following applies:
>
> (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
>
> (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

O.R.C. 2923.23. The record does not reflect that petitioner can meet this standard here.

Under such circumstances, a stay of proceedings pending exhaustion would not be appropriate. *See Neville v. Dretke,* 423 F.3d 474, 480 (5th Cir.2005) (claims are "plainly meritless" for purposes of deciding whether to grant a stay of habeas corpus proceedings where the petitioner is procedurally barred from raising unexhausted claims in the state courts.)

The exhaustion requirement does not require a "meaningless foray through local tribunals," *see Landrum v. Com. of Ky.*, 380 F.Supp. 1338, 1339 (D.C.Ky.1974), or "repetitious applications to the state courts for relief." *See Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir. 1979); *but see Hargrove v. Wolfe,*)(concluding under similar circumstances that the only claim properly before federal habeas court was petitioner's related claim of denial of the right to appeal due to defense counsel's failure to file a timely appeal after being requested to do so).

Further, the failure of an attorney to file a timely appeal after being requested to do so by a defendant constitutes the ineffective assistance of counsel.

> [E]very Court of Appeals that has addressed the issue has held that a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not. *See Castellanos v. United States,* 26 F.3d 717, 719 (7th Cir.1994); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir.1993); *United States v. Horodner*, 993 F.2d 191, 195 (9th Cir.1993); *Bonneau v. United States*, 961 F.2d 17, 23 (1st Cir.1992); *United States v. Davis*, 929 F.2d 554, 557 (10th Cir.1991); *Williams v. Lockhart*, 849 F.2d 1134, 1137 n. 3 (8th Cir.1988). We agree with those courts and hold that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment.

*Ludwig v. United States,* 162 F.3d 456, 459 (6th Cir.1998).

> [A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. See *Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); cf. *Peguero v. United States,* 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

*Roe v. Flores-Ortega,* 528 U.S. 470, 478 (2000).

Therefore, because petitioner has alleged facts which, if true, may entitle him to relief, and because the Magistrate Judge concludes that petitioner fairly presented his claims to the state courts in his motion for delayed appeal and in his subsequent appeal to the Ohio Supreme Court, the Magistrate Judge **RECOMMENDS** that counsel be appointed to represent petitioner at an evidentiary hearing on his claims that he was denied the effective assistance of counsel and the right to appeal due to his attorney's failure to file a timely appeal after being requested to do so.

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge