# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**THOMAS WHITFIELD,**  CASE NO. 2:07-cv-1201
                      JUDGE MARBLEY
    **Petitioner,**  MAGISTRATE JUDGE KEMP

v.

**JEFFREY WOLFE, Warden,**

    **Respondent.**

## OPINION AND ORDER

On February 2, 2009, the Magistrate Judge issued a *Report and Recommendation* recommending that petitioner be appointed counsel for an evidentiary hearing on his claims that he was denied the effective assistance of counsel and the right to appeal when his state court attorney failed to file an appeal after being requested to do so. Respondent has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, respondent's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. Petitioner shall be appointed counsel to represent him at an evidentiary hearing on his claims that he was denied the effective assistance of counsel and the right to appeal due to his attorney's failure to file a timely appeal after being requested to do so.

Respondent objects to the Magistrate Judge's conclusion that petitioner fairly presented his claims to the state courts in his motion for delayed appeal and in his subsequent appeal to the Ohio Supreme Court. Respondent contends that petitioner must pursue a delayed post conviction petition under O.R.C. §2953.23 in order to exhaust these

claims. Respondent also objects to the Magistrate Judge's recommendation of an evidentiary hearing, arguing that petitioner failed to develop the factual basis for his claim in the state courts, and has not met the provisions of 28 U.S.C. 2254(e)(2). These arguments are not persuasive.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review of the Magistrate Judge's *Report and Recommendation*. As discussed in the Magistrate Judge's *Report and Recommendation*, the record does not indicate that petitioner can meet the requirements for an untimely post conviction petition under O.R.C. §2953.23. This Court agrees with the conclusion of the Magistrate Judge that petitioner fairly presented his claims to the state courts by raising these claims as cause for his untimely appeal and in his appeal to the Ohio Supreme Court. Additionally, the Court notes that

> Independent of §2254(e)(2), the Court also has the inherent authority to set an evidentiary hearing in a habeas action. *Abdur'Rahman v. Bell*, 226 F.3d 696, 705-06 (6th Cir.2000). "[A] district court does have the inherent authority to order an evidentiary hearing even if the factors requiring an evidentiary hearing are absent." *Id.* at 705. Such hearings are set "to settle disputed issues of material fact." *Id.* at 706. Yet, "if [the court] concludes that the habeas applicant was afforded a full and fair hearing by the state court resulting in reliable findings, [the court] may, and ordinarily should accept the facts as found in the hearing, but [the court] need not. In every case [the court] has the power, constrained only by [its] sound discretion, to receive evidence bearing on the applicant's constitutional claim." *Id.* (quoting *Townsend v. Sain,* 372 U.S. 293, 318, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963)). This authority extends to determine factual issues or if an inadequate record exist, on a procedural default controversy. *Alcorn v. Smith,* 781 F.2d 58, 60 (6th Cir.1986).

2

*Hodges v. Bell*, 548 F.Supp.2d 485, 499 (M.D. Tenn. 2008). As discussed by the Magistrate Judge, petitioner has alleged facts that may entitle him to relief, *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000), but his claim necessarily requires resolution of a factual dispute, i.e., whether he requested his attorney to file an appeal. Further, the Court does not find that petitioner was at fault for not developing a factual record on this issue in the state court. No such hearing is available in the context of a delayed appeal. Under these circumstances, this Court may appropriately conduct an evidentiary hearing to determine the issue. *See Abdur'Rahman v. Bell*, *supra*.

Respondent's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. Petitioner shall be appointed counsel to represent him at an evidentiary hearing on his claims that he was denied the effective assistance of counsel and the right to appeal due to his attorney's failure to file a timely appeal after being requested to do so. These matters are REFERRED to the Magistrate Judge for the conduct of the hearing and the issuance of a Report and Recommendation.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge